**Yufeng TAO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Respondent.**

**No. 10–71973.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 27, 2014.

Filed Sept. 4, 2014.

Yufeng Tao, San Gabriel, CA, pro se.

OIL, Stefanie A. Svoren, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: O'SCANNLAIN and RAWLINSON, Circuit Judges, and RAKOFF, Senior District Judge.*

MEMORANDUM **

Petitioner Yufeng Tao seeks review of a decision by the Board of Immigration Appeals ("Board"), denying her application for asylum, withholding of removal, and protection under the Convention Against Torture, and ordering her removed from

---

* The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the United States. The Court reviews the Board's factual findings under the substantial evidence standard, treating the findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

This Court lacks jurisdiction to review Tao's eligibility for asylum and withholding of removal due to persecution on account of "resistance to a coercive population control program." 8 U.S.C. § 1101(a)(42); *see Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir.2013). That part of her claim is therefore dismissed.

As to her remaining claims, the Court finds that substantial evidence, such as discrepancies between Tao's testimony before the Immigration Judge ("IJ") and her proffered medical record, supports the Board's affirmance of the IJ's factual adverse credibility determination. The failure of the respondent to produce the author of an affidavit questioning the authenticity of the medical record is therefore moot.

Tao's petition for review is therefore dismissed in part and denied in part.

**DISMISSED IN PART AND DENIED IN PART.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.